UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:17-CR-131 |
| v. ) | |
| ) | JUDGE VARLAN |
| DUSTIN SCHAUD FOX, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The United States has reviewed the Presentence Investigation Report ("PSR") dated April 18, 2019, prepared by Robert Scott Queener, United States Probation Officer. The United States has no objections to the PSR. *See* Doc. 39.

**INTRODUCTION**

Pursuant to the Plea Agreement (Doc. 29) (hereinafter "Plea Agreement"), the United States respectfully recommends that the Court impose a sentence that includes a term of imprisonment at the bottom of the advisory Sentencing Guidelines range calculated in the PSR, *i.e.*, 324 to 405 months, to be followed by a term of supervised release of 20 years. The United States believes that the recommended sentence is sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) and would be an appropriate sentence in this case.

# STATUTORY AND SENTANCING GUIDELINE ANALYSIS

**Nature and Circumstances of the Offenses/History and Characteristics of Defendant**

Under 18 U.S.C. § 3553(a)(1), the Court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant is a 29 year old male who reportedly was raised by both parents until the age of 16, when his parents separated. PSR ¶ 85. The defendant began viewing pornography at age nine. PSR ¶ 86. Defendant was married at age 17; however, the marriage ended about seven years ago. PSR ¶ 87. The defendant has one child, age 10, who now lives with his mother in England. *Id.* The defendant is relatively good health, other than having reportedly experienced seizures for about six years and suffering from an ankle injury as a result of a motor-vehicle accident in 2010. PSR ¶¶ 88-91. The defendant used multiple drugs on a daily basis, including hallucinogenic drugs, starting as early as age 14. PSR ¶¶ 92-93. The defendant's educational and employment history are summarized in paragraphs 94-95 of the PSR.

The defendant has no prior criminal history. PSR ¶¶ 78-83. The facts pertaining to the offenses are summarized in paragraphs 12-35 of the PSR as well as in paragraph 4 of the Plea Agreement. In or about 2016, the defendant established an online relationship with M.S., a minor female victim residing in Texas. Plea Agreement ¶ 4(a). Soon after the defendant met M.S. online, the defendant became aware that M.S. was a minor. *Id.* After some time, the defendant began sending the victim nude images of himself or images of himself masturbating, and then would request nude images of the victim in return. PSR ¶ 16.

On or about April 30, 2017, the defendant used and directed M.S. to record videos of herself masturbating with an object and then send the videos to him via Facebook Messenger. Plea Agreement ¶ 4(b); PSR ¶ 22. In addition to requesting that the victim send sexually explicit images

to him, the defendant requested the victim to send sexually explicit images of herself to her classmates. PSR ¶ 17. In September 2017, one of the victim's classmates reported the images to the victim's parents, who in turn reported the activity to law enforcement. *Id.* During a forensic interview, M.S. admitted to the online relationship with the defendant. PSR ¶ 18. M.S. stated that the defendant told her he was "sadistic" and that he would "beat her up" if he saw her in real life. *Id.* As the relationship deepened M.S. was afraid to cease communication with the defendant. *Id.* M.S. also described the defendant's requests for nude pictures and videos. Some of the requests were for M.S. to perform enemas on herself as well as record herself urinating and defecating. PSR ¶ 19. Additionally, M.S. advised the defendant would direct her to perform anal and vaginal masturbation with different items, such as large vegetables, and when she was "bad" the defendant would have her "shank" herself in the anus with a spoon until she bled. PSR ¶¶ 21-22. The defendant would also have the victim pose nude online to hundreds of people. PSR ¶ 23.

The defendant was arrested on December 13, 2017, and consented to a search of his residence. PSR ¶ 29. During the search various electronics were seized. *Id.* An examination of the defendant's linked media account yielded 389 images and 160 videos of M.S. PSR ¶ 28. When interviewed on December 13, 2017, the defendant admitted to directing M.S. to perform certain sex acts for him while recording them the sex acts, and then send the recordings to the defendant. Plea Agreement ¶ 4(c); PSR ¶ 14. A forensic examination performed on the defendant's seized devices by the Knoxville Police Department Internet Crimes Against Children unit revealed 800 images of child pornography. PSR ¶ 29. Of the 800 images of child pornography possessed by the defendant, 453 images were identified by the National Center for Missing and Exploited Children (NCMEC) as containing identified victims and 105 child

3

pornography series were identified. PSR ¶¶ 29, 36. In total, the defendant is accountable for at least 1,189 images and 160 videos of child pornography. PSR ¶35.

**Sentencing Purposes Set Forth in §3553(a)(2)**

Further, pursuant to 18 U.S.C. § 3553(a)(2), the Court should consider the need for the sentence to:

(a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

(b) afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

The recommended sentence reflects the very serious nature of the defendant's conduct. Although the defendant never personally touched M.S., he subjected her to very devastating psychological, sexual, and physical abuse from a distance. The defendant manipulated a very vulnerable and desperate girl to satisfy his own perverse sexual fantasies, with no apparent regard for the physical or psychological scars he was inflicting on her.

The Internet and social media applications have made it easier than ever to harm children from a distance; to find children, sexually abuse them, and to share that sexual abuse with other like-minded monsters. This Court must send a strong general deterrent message that would deter others from preying upon girls like M.S., as the defendant did, from the shadows of a dark corner of the Internet.

4

As amply chronicled in the Sentencing Commission's *The History of the Child Pornography Guidelines*,[1] Sections 2G2.1 and 2G2.2 of the Sentencing Guidelines are the product of careful Congressional and Commission consideration of the appropriate sentences to be imposed for child pornographers like the defendant. The continued Congressional focus on additional protection of children from those who would exploit them by various means, including via the Internet, strongly indicates that a substantial sentence is warranted to reflect the seriousness of the offenses.

Child pornography destroys the lives of children, leading to a lifetime of internal torment, shame, and psychological devastation. At this time, it is unclear whether the defendant circulated images of M.S.'s sexual abuse to others but, given the fact that the defendant was a collector of child pornography and put her on display in group settings on the Internet, there appears to be a substantial likelihood that he did. The circulation of depictions of M.S.'s sexual abuse, humiliation, and torture by the defendant has the real potential to victimize her many times over, long after the defendant inflicted the initial harm.

Additionally, the Court can fulfill the statutory directive to protect society from further crimes of this defendant by imposing the lengthy recommended prison sentence, followed by the recommended 20 year term of supervised release with special conditions of supervision for sex offenders and other special conditions suggested by the Probation Officer. PSR ¶¶ 108-110.

### Consideration of the Sentencing Guideline Range

The Court should give consideration and deference to the kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant. 18 U.S.C. § 3553(a)(4). The sentence sought herein would fall within the

---

[1]Http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf

5

Case 3:17-cr-00131-PLR-DCP   Document 40   Filed 05/10/19   Page 5 of 7   PageID #: 145

defendant's advisory Sentencing Guidelines range. The United States agrees with the Probation Officer that no factors would warrant a departure or variance from the advisory Sentencing Guideline range. *See* PSR ¶¶ 124-125. Further, the imposition of a within-Guidelines range sentence would help to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a term of imprisonment toward at the bottom of the advisory Sentencing Guidelines range of 324-405 months in prison, to be followed by a term of supervised release of 20 years, is an appropriate sentence under the circumstances of this case. This sentence would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in 18 U.S.C. § 3553(a)(2).

However, the United States intends to offer argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 10th day of May, 2019.

        J. DOUGLAS OVERBEY
        UNITED STATES ATTORNEY

By:   *s/ Matthew T. Morris*
      Matthew T. Morris
      Assistant United States Attorney
      800 Market Street, Suite 211
      Knoxville, TN 37902
      (865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: *s/ Matthew T. Morris*
Matthew T. Morris
Assistant United States Attorney