UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:17-CR-131 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| DUSTIN SCHAUD FOX, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURE AND/OR VARIANCE

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, opposes the defendant's request for a sentence below the advisory Sentencing Guidelines range.

## I. INTRODUCTION

The defendant complains of an unhappy and unguided childhood, being depressed, and a pornography addiction. The United States respectfully submits that these complaints are not the bases for either a guided departure from the Sentencing Guidelines range, or a downward variance. Moreover, the nature of the defendant's conduct toward his victim should counterbalance and outweigh any factors that may tend to mitigate his sentence.

## II. ANALYSIS

The applicable sentencing guidelines strongly discourage downward departures in child pornography cases such as this:

> "[N]otwithstanding any other reference to authority to depart downward in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

U.S.S.G. § 5K2.0(b). Defendant can point to no such enumerated ground for a downward departures applicable to this case.

Furthermore, a downward variance is also unwarranted because the defendant's history and characteristics do not take this case outside of the heartland of cases that the Sentencing Guidelines were intended to address. The defendant's childhood exposure to sexually explicit material, early drug usage, and alleged pornography addiction are, unfortunately, not unusual in these types of cases. Federal courts frequently see similarly-situated defendants complaining of difficult childhoods, including prior sexual abuse. Commonplace is the child pornography defendant who lives a reclusive, isolated lifestyle filled with long hours spent on the Internet trying to fulfill his deviant sexual interests toward children. In short, there is nothing about the defendant or his conduct that is outside of the heartland of cases seen by the federal courts or envisioned by the Sentencing Commission in establishing the Guidelines applicable here.

Furthermore, the United States suggests that the defendant's current legal trouble is likely a significant contributor to his stress and symptoms of depression. These symptoms are not unusual in child pornography cases or any other in which a defendant is facing a significant prison sentence.

Perhaps most importantly, the danger to society that the defendant presents outweighs any mitigating effect of the defendant's mental health issues and merits strongly against a below-Guideline sentence. *See U.S. v. Tolbert,* 459 Fed. Appx. 541, 548 (6th Cir. 2012) (sentencing court necessarily must balance mental health issues against dangerousness of defendant). Here, the defendant's conduct demonstrated that he presents a *substantial* danger to minors. As chronicled in the Presentence Investigation

2

Report, the egregiousness and callousness of the defendant's conduct toward his young victim, including directing her to harm, humiliate, and mutilate herself, shocks the conscience. Defendant demonstrated a complete disregard for the mental and physical scars he inflicted on her. The defendant's conduct and the danger to society he poses weigh heavily against any potential mitigating effects of the defendant's unfortunate childhood experiences and his self-reported mental health issues.

### III. CONCLUSION

For the reasons set forth above and in the United States' Sentencing Memorandum, the United States respectfully opposes the defendant's request for a sentence below the advisory Sentencing Guidelines range. The United States intends to offer argument and proof at the sentencing hearing in support of its position on sentencing, as it deems appropriate and as the Court permits.

Respectfully submitted this 14th day of May, 2019.

                J. DOUGLAS OVERBEY
                UNITED STATES ATTORNEY

By:   *s/ Matthew T. Morris*
       Matthew T. Morris
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, TN 37902
       (865) 545-4167

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 14, 2019, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

            By:  *s/ Matthew T. Morris*
                Matthew T. Morris
                Assistant United States Attorney